IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELICA MURPHY, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 2:22-cv-01232<br><br>(Removed from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, Case No. 220300328) |

## NOTICE OF REMOVAL

Defendant GEICO Advantage Insurance Company ("GEICO") hereby removes the above-captioned action from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, pursuant to Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453. Removal is proper on the following grounds:

1. Plaintiff Angelica Murphy commenced this action in the Court of Common Pleas of Philadelphia County by filing the Complaint on or about March 2, 2022. GEICO was served with the Complaint on March 4, 2022.

2. Plaintiff's Complaint alleges that GEICO improperly issued stacked uninsured and underinsured motorist coverage on single vehicle auto insurance policies where such coverage is alleged to not actually be available. The Complaint asserts claims for declaratory relief, return of premiums, unjust enrichment, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("CPL"), fraud, and injunctive relief.

3. The Complaint seeks certification of the following class:

> [A] class of persons to whom the defendant, GEICO, issued a single vehicle motor vehicle policy in accordance with the MVFRL and where: (a) each class member owned a single vehicle with no other vehicles or motor vehicle policies in the household; (b) each member of the class was issued a motor vehicle policy by the defendant, GEICO, in the Commonwealth of Pennsylvania providing coverage in accordance with the MVFRL; (c) the defendant, GEICO, knew, or should have known, that each member of the class owned only a single vehicle; (d) the defendant, GEICO, knew or should have known that there were no other vehicles or policies in the household of each member of the class; (e) each policy issued by the defendant, GEICO, to each member of the class provided stacked uninsured and underinsured motorist coverages; (f) the defendant, GEICO, charged an additional premium for the stacked uninsured and underinsured motorist coverages provided under the policies issued to each member of the class; (g) the stacked uninsured and underinsured motorist coverage benefit under each policy issued by the defendant, GEICO, to each member of the class was not available since there was actually no intra-policy stacking nor inter-policy stacking policy benefit under those policies; (h) each member of the class paid an additional premium for stacked uninsured and underinsured motorist coverage; and (i) each member of the class is entitled to a return of premiums from the defendant, GEICO, for this stacking coverage benefit that did not exist.

(Compl. ¶ 46) (the "Proposed Class"). GEICO denies that class certification is appropriate, but the Proposed Class satisfies the requirements for CAFA jurisdiction.

## I.   CAFA Jurisdiction Exists.

4.   This Court has original jurisdiction under CAFA because this case is a putative class action in which: (a) minimal diversity exists—that is, at least one class member is a citizen of a different state than at least one defendant; (b) the alleged class contains at least 100 members; and (c) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

5.   This action is properly removable under CAFA.

### A.   The Parties Are Diverse, and No Exception to Jurisdiction Exists.

6.   Plaintiff alleges that she is a citizen of the Commonwealth of Pennsylvania. (Compl. ¶ 1.)

2

7. GEICO is a corporation incorporated pursuant to the laws of the State of Nebraska, with its principal place of business in the State of Maryland. GEICO is therefore a citizen of the States of Maryland and Nebraska.

8. Minimal diversity of citizenship therefore exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

9. Because GEICO is not a citizen of the State of Pennsylvania nor a governmental entity, the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d) do not apply to this action.

### B. The Proposed Class Consists of More Than 100 Members.

10. The number of members of the Proposed Class is not less than 100. *See* 28 U.S.C. § 1332(d)(5)(B). GEICO's data confirms that it had hundreds of thousands of policyholders with single-vehicle auto policies with stacked uninsured and underinsured motorist coverage in force in Pennsylvania during the potential period of limitations.

### C. The Amount in Controversy Is Met.

11. Under CAFA, the district courts have original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). A defendant seeking removal need not admit liability in order to meet the amount in controversy. Rather, the Notice of Removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

12. The amount in controversy in this action exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

13. The Complaint seeks, among other things, to recover three times actual damages (*i.e.*, return of premiums) or $100 under the CPL. (Compl. ¶¶ 164, 165.) "[T]he UTPCPL has a

six-year statute of limitations." *Brasch v. Wells Fargo Bank, N.A.*, No. 17-3263, 2018 U.S. Dist. LEXIS 128220, at *9 (E.D. Pa. July 31, 2018) (citing 42 Pa. Cons. Stat. § 5527(b)).  Using either actual damages or statutory damages, the amount in controversy is satisfied.

14. GEICO's data on single-vehicle auto insurance policies with stacked uninsured and underinsured motorist coverage during the six years before the Complaint was filed shows approximately 150,000 policyholders (750,000 policy terms) with over $35 million in premium attributable to stacked uninsured or underinsured motorist coverage.

15. Approximately 13% of the policy terms in GEICO's data had the exact same address as another GEICO policy, indicating there may have been other GEICO policies in the household—in which case, the policyholder may not be a member of the Proposed Class.  And while GEICO cannot determine if a policyholder had other vehicles in the household insured by a different carrier throughout each policy period, even if the number of policyholders with other auto insurance in the household was as high as 72%, the amount in controversy on actual damages alone is satisfied even without trebling.

16. Alternatively, if each class member had less than $100 in actual damages, each class member would be entitled to recover $100 under the CPL.  If the approximately 150,000 policyholders are reduced by 66% to reflect the potential of insureds with other household policies, there are still potentially more than 50,000 policyholders with damages. If each policyholder is entitled to the minimum $100 CPL damages, that results in over $5 million in compensatory damages.

17. Additionally, the CPL allows for recovery of treble damages and attorneys' fees, which would increase the amount in controversy even further.  73 Pa. Stat. § 201-9.2(a); *Banks v. Allstate Fire & Cas. Ins. Co.*, 454 F. Supp. 3d 428, 434 (M.D. Pa. 2020) (citing *Nexus Real Estate,*

*LLC v. Erickson*, 174 A.3d 1, 4 (Pa. Super. Ct. 2017); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 401 (3d Cir. 2004)).

18. Plaintiff has also asserted a claim for fraud, which could entitle her and class members to punitive damages. *See Klein v. Weidner*, 729 F.3d 280, 296 (3d Cir. 2013) ("It is well established that, under Pennsylvania law, punitive damages may be awarded in cases of common law fraud."); *see also Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 753 (W.D. Pa. 2015) (considering punitive damages in amount in controversy calculation). Punitive damages can be tenfold the compensatory damages. *Bert Co. v. Turk*, 257 A.3d 93, 123 n.12 (Pa. Super. Ct. 2021) (noting instances where the intermediate state court upheld multi-digit punitive damages).

19. In addition, with respect to Plaintiff's return of premiums, unjust enrichment, and fraud counts, Plaintiff seeks an award to "each class member of the class all premiums paid for stacked uninsured and underinsured motorist coverages under policies issued by the defendant." *See* Compl. Wherefore Clause of each count. Return of stacked uninsured and underinsured motorist coverage premium for these claims could result in millions of dollars of additional actual damages, further increasing the amount in controversy.

20. Finally, Plaintiff seeks declaratory and injunctive relief, which should also be included in calculating the amount in controversy. *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 485-86 (W.D. Pa. 2009) (including both injunctive relief and CPL statutory damages when calculating the amount in controversy).

21. While GEICO denies that any damages—whether compensatory, trebling, or punitive—or fees are owed to Plaintiff or to any member of the Proposed Class, the class-wide

relief sought by the Complaint places more than $5 million in controversy within the meaning of CAFA.

## II.  GEICO Has Satisfied the Procedural Requirements for Removal.

22. GEICO was served with the Complaint on March 4, 2022. This Notice of Removal is timely filed within 30 days of that date.

23. Venue is proper in this Court because the Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania, Philadelphia Division. *See* 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and filed with the Court of Common Pleas of Philadelphia County.

25. The undersigned counsel has read the foregoing and signs this Notice pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

26. A copy of the Complaint and all other pleadings served or filed to date are attached hereto as Exhibit A.

Dated: March 31, 2022

*/s/ Kymberly Kochis*
Kymberly Kochis (Pa. Bar No. 319846)
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5068
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com

**Attorneys for Defendant**
**GEICO ADVANTAGE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on March 31, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and copies were served on the following attorneys of record by United States Mail, first class postage prepaid, and by email, addressed as follows:

James C. Haggerty
HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103
jhaggerty@hgsklawyers.com

Jonathan Shub
Kevin Laukaitis
SHUB LAW FIRM
134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033
jshub@shublawyers.com
klaukaitis@shublawyers.com

Scott B. Cooper
SCHMIDT KRAMER P.C.
209 State Street
Harrisburg, PA 17101
scooper@schmidtkramer.com

Jack Goodrich
JACK GOODRICH & ASSOCIATES
429 Fourth Avenue
Pittsburgh, PA 15219
jack@goodrichpc.com

*/s/ Kymberly Kochis*
Kymberly Kochis